TUCKER ELLIS & WEST LLP
MOLLIE F. BENEDICT (STATE BAR NO. 187084)
E. TODD CHAYET (STATE BAR NO. 217694)
ROBERT K. DIXON (STATE BAR NO. 262252)
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendants
ETHICON ENDO-SURGERY, INC. and
CARDINAL HEALTH 200, LLC (incorrectly sued
and served as CARDINAL HEALTH 100, INC.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BLYTHE LOLLIS,<br><br>Plaintiff,<br><br>v.<br><br>ETHICON ENDO-SURGERY, INC., an Ohio Corporation; ETHICON ENDO-SURGERY, LLC; JOHNSON & JOHNSON, INC., a New Jersey Corporation; RIVERSIDE COMMUNITY HOSPITAL, a California Corporation and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. EDCV11-01563 TJH (Ex)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:   November 29, 2010 |

1.      It is hereby stipulated and agreed by and between Plaintiff Blythe Lollis ("Plaintiff") and Defendants Ethicon Endo-Surgery, Inc. and Cardinal Health 200, LLC (incorrectly sued and served as Cardinal Health 100, Inc.) (collectively, "Defendants") by and through their attorneys of record that Plaintiff may seek the production of documents and information from Defendants pursuant to this Protective Order.  These materials contain privileged and/or confidential and proprietary business information of Defendants and the production and subsequent use of these documents and information contained therein will be conducted according to the following terms, restrictions, and conditions.

LaImanage/700161/012178/004107

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco
TUCKER ELLIS & WEST LLP

2.      As hereinafter used, the term "confidential information" includes but is not limited to proprietary rights, including technical information constituting trade secrets, corporate information, including product design, development, manufacturing, and sales; customers and customer lists; privileged and confidential documents and technical information pertaining to the ENDOPOUCH® Specimen Retrieval Bag and any other product manufactured by Defendant Ethicon Endo-Surgery, Inc.

3.      This Protective order shall not apply to the following materials:

(a)     Documents of public record;

(b)     Documents filed as a public record with the clerk of any federal or state court (not including exhibits or depositions or discovery responses which, if within the conscripts of this Protective Order, must be filed under seal and with clear marking on the envelopes in which they are enclosed that they are subject to this Protective Order);

(c)     Documents filed with any federal or state agency, copies of which are required by that agency to be freely available in their entirety to the public; and

(d)     Documents or articles published in trade magazines or other general circulation publications.

It is acknowledged that certain documents and other information made, or to be made available by Defendants contain confidential and proprietary information, and trade secrets essential to the continued business interests of the Defendants and that the improper disclosure of such information would cause substantial damage to the legitimate business interests of the Defendants.

4.      Any party or person producing or filing a document in this action may designate that document, or any portion thereof, as stamped "Protected Document. Subject to Protective Order" (hereinafter, "Protected Documents"). The legend shall be affixed to the document designated, but shall not obscure any part of the text. A designation shall subject the document, and its contents, to this Protective Order without

2

STIPULATED PROTECTIVE ORDER

LaImanage/700161/012178/004107

1    any further act on the part of the person desiring confidentiality.  Any information which
2    is designated confidential shall be immediately and at all times hereafter maintained and
3    kept confidential by the receiving party, as subject to this Protective Order.

4          5.    In addition, Protected Documents and/or any portion thereof deemed
5    confidential may be disclosed to (a) persons noticed for depositions or designated as trial
6    witnesses to the extent reasonably necessary in preparing to testify; and (b) to outside
7    consultants or experts retained by any party or their counsel for the purpose of assisting
8    counsel in the litigation or to testify at trial.  Before any Protective Document may be
9    disclosed to any person described in (a) and/or (b) of this paragraph, however, the person
10   so described must sign the attached Confidentiality Agreement.  The Confidentiality
11   Agreement reflects that the signatory has read this Protective Order, understands that
12   disclosure of Protected Documents constitutes contempt of court, and consents to the
13   exercise of personal jurisdiction by this Court.  The original of each signed
14   Confidentiality Agreement shall be retained by counsel and a copy thereof served upon
15   Defendants' counsel, except that a copy of the Confidentiality Agreement signed by a
16   person described in subsection (b) need not be served upon Defendants' counsel until
17   such person is disclosed as a witness.

18         6.    Protected Documents subject to this Protective Order shall not be disclosed
19   to any Competitor of Defendants.  For purposes of this Order, "Competitor" shall be
20   defined as any entity or person currently engaged in the discovery and/or development
21   and/or commercialization of any endoscopic surgical instrument, and shall include any
22   agent, employee, consultant, or other person similarly affiliated with such entity or
23   person.  Before disclosing any Protective Document to any person listed in paragraph
24   5(a) or 5(b) who may also be a competitor of Defendants, the procedures in this
25   paragraph shall be followed to assure that no confidential information is disclosed to any
26   Competitor.

27         Entry of this Protective Order by the Court imposes a duty upon the person to
28   whom any Protected Documents are to be disclosed to make a good faith determination

3

STIPULATED PROTECTIVE ORDER

Lalmanage/700161/012178/004107

*(left margin, vertical)* TUCKER ELLIS & WEST LLP  Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Case 5:11-cv-01563-TJH -E   Document 11   Filed 01/05/12   Page 4 of 10   Page ID #:127

1  as to whether he or she is a Competitor.

2      (a)    If the person determines himself or herself to be a Competitor, neither the

3  Protected Documents nor the contents thereof shall be discussed with or disclosed to such

4  person.

5      (b)    If the person is unable to determine whether he or she is a Competitor,

6  counsel for the disclosing party shall prepare a written statement identifying the potential

7  Competitor, including the name and current residence of the potential Competitor, his or

8  her job title and employer's name and address for the previous five (5) years.  The

9  original of such statement shall be retained by counsel and a copy thereof served upon

10  Defendants' counsel.  Defendants' counsel shall have seven (7) business days to object to

11  disclosure of Protected Documents to the potential Competitor.  If no objection is made,

12  the Confidentiality Agreement shall be executed and served as described in subsection..

13      If there is an uncertainty or a dispute as to whether the person is a Competitor, any

14  party may seek a ruling from this Court regarding the same.  Pending a ruling by the

15  Court on that dispute, no Protected Documents shall be disclosed to the potential

16  Competitor.

17      7.    A deponent who is not a current employee of Defendants may, during the

18  deposition, be shown and examined about the Protected Documents as long as disclosure

19  comports with the provisions of paragraphs 5 and 6.  A deponent shall not retain or copy

20  portions of the transcript of his or her deposition containing confidential information not

21  provided by the deponent or the entities whom he or she represents unless he or she signs

22  the Confidentiality Agreement.

23      8.    Any party and any deponent may, within thirty (30) days after receiving a

24  deposition transcript, designate the transcript as protected pursuant to this Protective

25  Order by written notice to all counsel of the designation and by having the cover page of

26  the transcript marked as follows: "Protected Document.  Document Subject to Protective

27  Order."  During the initial thirty (30) day period, the entire deposition will be treated as

28  subject to protection against disclosure under this Protective Order, but if no party or

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

4

Lalmanage/700161/012178/004107

1   deponent timely designates the transcript as protected, then the transcript shall not
2   thereafter be subject to this Protective Order. (Deposition exhibits that are protected
3   documents pursuant to this Protective Order will continue to be protected without further
4   designation being required. The continued protection of such documents will not be
5   dependent upon the transcript being designated as protected.) If there is uncertainty or
6   any dispute as to whether a transcript has been properly designated as protected, any
7   party may seek a ruling from this Court. Pending a ruling by the Court, the entire
8   deposition will be treated as subject to protection against disclosure under this Protective
9   Order. Deposition transcripts designated as protected may be filed with the Court only
10  under seal, consistent with the provisions of Paragraph 9.

11      9.      In the event any information or document subject to the confidentiality
12  restrictions of this Protective Order is contained within any briefs or other documents
13  filed with the Court, or is referred to in any hearing before the Court, such copy or
14  reference shall be made under seal (or by means of any other procedure that the Court
15  may prescribe for preserving the confidentiality of items submitted into evidence), and
16  shall be designated as Protected Documents unless otherwise agreed to in writing or on
17  the record by counsel for the producing party. The Clerk of this Court is directed to
18  maintain conditionally under seal all documents filed in this litigation which bear this
19  legend until the party has obtained a ruling pursuant to Local Rule 79-5 from the Court
20  regarding the sealing of any document or information.

21      10.     This Protective Order binds all parties to this litigation, counsel for all
22  parties to this litigation, and expert witnesses retained by same, and their respective
23  agents, representatives, and assigns.

24      11.     Protective Documents, materials, and information produced, provided or
25  generated by the Defendants in this lawsuit shall be used only for the purpose of this
26  specific lawsuit and not for any other purpose whatsoever.

27      12.     Within fifteen (15) days of final determination of this action, whether by
28  judgment, appeal, settlement or otherwise, counsel for all parties shall assemble and

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

5
STIPULATED PROTECTIVE ORDER

Lalmanage/700161/012178/004107

1 return to counsel for the Defendants all documents and materials, together with all copies

2 thereof in their possession or subject to their control, including without limitation

3 documents and information provided to all others in accordance with this Protective

4 Order, that reveal or may tend to reveal confidential material or information provided in

5 accordance with this Protective Order. Final determination shall be taken and construed

6 as the date fifteen (15) days following the filing of a stipulated dismissal, or the entry of

7 voluntary dismissal or a final, non-appealable order disposing of this case. Upon such

8 final determination, counsel of record for each party shall notify counsel for the

9 Defendants of compliance. Counsel for each party shall make a reasonable effort to

10 retrieve any document or information has been given, and shall notify counsel for the

11 Defendants of the failure to retrieve any such information. Such notification shall include

12 descriptive detail of any document not returned.

13     12.    Any breach of this Protective Order by any person shall be punished as a

14 contempt of court. All other civil remedies for breach of this Protective Order are

15 specifically reserved by and are not waived by the disclosure provided for herein.

16 Further, in the event of a breach of the Confidentiality Agreement by an expert retained

17 by any party or its counsel, the Defendants may pursue all civil remedies available to it as

18 a third party beneficiary of the Protective Order, whether against the party, the party's

19 attorney, and/or any experts to whom this information is divulged, individually and/or

20 jointly.

21     13.    This Protective Order shall remain in full force and effect and each party

22 subject to this order shall continue to be subject to the jurisdiction of this court, for the

23 purposes of enforcement of the confidential terms of this order, in perpetuity. The Court

24 shall not be divested of the power to enforce the confidentiality terms of this order as to

25 any person subject to the terms of this order by the occurrences of the final determination

26 of this case, or by the filing of a notice of appeal, or other pleading which would have the

27 effect of divesting this Court of jurisdiction of this matter generally.

28     14.    This Protective Order may be executed in one or more counterparts, all of

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

6

STIPULATED PROTECTIVE ORDER

Lalmanage/700161/012178/004107

1    which together shall be deemed to be one instrument.

2

3    Date: 1/4/12

4                       By:

5                          Nicholas Heiman, Esq.

                            Attorney for Blythe Lollis

6    Date: 1/5/12

7                      TUCKER ELLIS & WEST LLP

8                        By:

9                          Mollie F. Benedict, Esq.

10                        E. Todd Chayet, Esq.

                            Attorneys for ETHICON

11                       ENDO-SURGERY, INC. and

12                      CARDINAL HEALTH 200, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

7

STIPULATED PROTECTIVE ORDER

Error! Unknown document property name.

1  STIPULATED PROTECTIVE ORDER
   Blythe Lollis v Ethicon Endo-Surgery, Inc., et al.
2  Case No. EDCV11-01563 TJH (Ex)

3

4                    **ORDER**

5

**IT IS SO ORDERED.**

6

7  _1/5/12_              ~~~signature~~~

8  DATE                  UNITED STATES ~~DISTRICT JUDGE~~
                         Magistrate Judge

9

TUCKER ELLIS & WEST LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

Lalmanage/700161/012178/004107

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BLYTHE LOLLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>ETHICON ENDO-SURGERY, INC., an Ohio Corporation; ETHICON ENDO-SURGERY, LLC; JOHNSON & JOHNSON, INC., a New Jersey Corporation; RIVERSIDE COMMUNITY HOSPITAL, a California Corporation and DOES 1 through 50, Inclusive,<br><br>        Defendants. | Case No. EDCV11-1563 TJH (Ex)<br><br>**CONFIDENTIALITY AGREEMENT (EXHIBIT A)**<br><br>Action Filed:    November 29, 2010 |

The undersigned, having read and understood the Protective Order governing the restricted use of Documents of Defendants and any information derived therefrom, hereby agrees to be bound by the terms thereof; understands that any disclosure of the Documents or any information derived therefrom constitutes contempt of court; and agrees to submit to the personal jurisdiction of this Court to enforce the Protective Order against the undersigned.

Date: _____      By: _____

Name: _____

Title: _____

EXHIBIT A

Lalmanage/700161/012178/004107

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco